IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Dianne Michele Carter, | C/A No.: 3:19-104-CMC-SVH |
| Plaintiff, | |
| vs. | |
| Thomas Pellicane, SOUSM, U.S. Marshals Service W/NC; Barbara Yates, DUSM- U.S. Marshals Service W/NC; and Gregory Allyn Forest, U.S. Marshal,[1] | REPORT AND RECOMMENDATION |
| Defendants. | |

Dianne Michele Carter ("Plaintiff" or "Carter"), proceeding pro se and in forma pauperis, brings this action alleging a violation of her constitutional rights against the above-named defendants ("Defendants"). Plaintiff's constitutional claims are construed as brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

This matter comes before the court on Defendants' motion to dismiss. [ECF No. 12]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedures and the possible

---

[1] It is unclear whether Plaintiff intended to name Forest personally or instead intended to sue the United States Marshal Service for the Western District of North Carolina. For the reasons herein, both would be entitled to dismissal.

consequences if she failed to respond adequately to Defendants' motion. [ECF No. 13]. The motion having been fully briefed [ECF Nos. 15–17], it is ripe for disposition.

Pursuant to the Order of Designation docketed as ECF No. 3, the undersigned United States Magistrate Judge has been assigned to perform any and all judicial duties provided for under 28 U.S.C. § 636 (a)–(c) in this matter. Because the motion is dispositive, this report and recommendation is entered for the district judge's consideration. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant Defendants' motion to dismiss.

I. Factual Background

Plaintiff was the defendant in a civil action titled *United States of America v. Dianne M. Carter*, C/A No. 3:16CV673 ("*Carter I*").[2] Because Carter failed to comply with an order, the *Carter I* court issued a show cause order, directing her to appear on January 5, 2018. *Carter I* at 25. The court also directed the government to serve the order on Carter in accordance with Fed. R. Civ. P. 4. *Id.* Carter failed to attend a show cause hearing on January 5, 2018.

---

[2] This court may take judicial notice of the prior case. *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties).

*See Carter I*, January 5, 2018 Minute Entry. The court issued a bench warrant for Carter's arrest. *Id.* at ECF No. 28. On January 25, 2018, the court granted the United States's motion for an order "authorizing all necessary actions to execute bench warrant against defendant." *Id.* at ECF No. 30. The order provided that, because the United States Marshals Service ("USMS") had been unable to procure Carter's voluntary surrender to the January 5, 2018, bench warrant, the USMS was "authorized and directed to take all reasonable actions, including but not limited to the use of reasonable force, necessary to execute the bench warrant and procure [Carter's] attendance before the Court." *Id.*

According to the complaint in this action, Supervisory United States Marshal Thomas Pellicane ("Pellicane") and Deputy United States Marshal Barbara Yates ("Yates") participated in arresting Carter on February 26, 2018. [ECF No. 1 at 2]. Carter alleges Defendants "broke into the house belonging to the Moorish Holy Temple of Science of the World/Moorish Science Temple of America" and arrested her. *Id.* at 2. She alleges she was arrested without a warrant and that Defendants violated her constitutional rights in entering the house, searching it, and arresting her. *Id.*[3] She further alleges Defendants violated her rights under the American with Disabilities Act, 42 U.S.C § 12101

---

[3] Carter also alleges Defendants failed to secure the property "which is the proximate cause of the house being burglarized." [ECF No. 1 at 2]. However, she has failed to show that she has any ownership interest in the property.

("ADA"), by detaining her in a jail with criminals, aggravating her psychic disorder she identifies as "Legal Abuse Syndrome Post Traumatic Street Disorder." *Id.* at 3.

Plaintiff's complaint purports to be bringing claims for abuse of process, "assumption of duty," breach of fiduciary duty, conspiracy, constructive fraud, intentional infliction of emotional distress, negligence, and a claim under 42 U.S.C. § 1983. [ECF Nos. 3–9].

II. Discussion

    A.    Standard on Motion to Dismiss

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) where the court lacks subject-matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(1) examines whether a complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court evaluates a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

   1.  Non-constitutional claims

      a.  Subject matter jurisdiction

Defendants argue all Plaintiff's non-constitutional claims [4] must be dismissed for lack of subject matter jurisdiction, as a suit pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"), lies only against the United States. The FTCA waives sovereign immunity[5] and allows suits against the United States for personal injuries caused by government employees acting within the scope of their employment. 28 U.S.C. § 1346. Under the FTCA, a plaintiff may recover a monetary award from the United States for damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope . . . of employment." 28 U.S.C. § 1346(b)(1). As the court lacks jurisdiction over a FTCA claim against defendants other than the United States, the undersigned is constrained to find that Plaintiff's claim, in its current stature, is subject to dismissal.

      b.  Exhaustion

Even if Plaintiff had correctly named the United States for her tort

---

[4] Defendants do not concede that all of the claims asserted are viable causes of action, such as "assumption of duty," but nevertheless note that these Defendants may not be sued for Plaintiff's non-constitutional claims.

[5] To the extent the FTCA does not apply to Plaintiff's claims, they are barred by sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

claims, it appears she failed to exhaust her administrative remedies. The FTCA requires Plaintiff to exhaust her administrative remedies through the appropriate agency before bringing suit. 28 U.S.C. § 2675(a). The FTCA states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The presentment of an administrative claim is jurisdictional and cannot be waived. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

Defendants submitted the affidavit of USMS General Counsel Gerald M. Auerbach that states Plaintiff filed no administrative claim. [ECF No. 12-2]. Plaintiff does not dispute her failure to exhaust. Therefore, the undersigned finds that Plaintiff failed to exhaust her non-constitutional tort claims.

    2.    Constitutional Claims

Although Plaintiff claims she was arrested without a warrant, court records reveal a signed bench warrant commanding her arrest, and an additional order allowing the USMS to use reasonable force. *Carter I* at ECF Nos. 28, 30. Plaintiff argues that because the government was unable to effect

service of the show cause hearing on her, the court's orders commanding her arrest were unlawful and unconstitutional. [ECF No. 15 at 1].[6] The court's order directing the government to serve her pursuant to Fed. R. Civ. P. 4 was an attempt to ensure Carter be provided notice, but the court had already exercised proper jurisdiction over her and had jurisdiction to hold her in contempt of court, as referenced in the bench warrant. Further, there are no allegations in the complaint demonstrating that Defendants acted unreasonably in the manner of arresting Plaintiff. Therefore, because Carter has not shown that Defendants violated theCconstitution in complying with the court's order to arrest her, the undersigned recommends the motion to dismiss be granted.

3. Forest

Gregory Allyn Forest is named as a defendant in his capacity as the United States Marshal for the Western District of North Carolina. [ECF No. 1]. Forest should also be dismissed because there is no *Bivens* claim for supervisory liability, and Plaintiff has not alleged that Forest personally participated in her arrest. The doctrine of supervisory liability is generally inapplicable to § 1983 and *Bivens* suits, such that an employer or supervisor is not liable for the acts

---

[6] Although Plaintiff states her claim is brought pursuant to 42 U.S.C. § 1983, that statute applies only to state actors. The undersigned construes this claim as one brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization).

Plaintiff has not alleged an official policy or custom resulting in the alleged constitutional violations. She has also failed to allege Forest was deliberately indifferent to a pervasive, unreasonable risk of harm.[7] Therefore, the undersigned recommends Plaintiff's claims be dismissed against Forest.

    4.    ADA claim

To the extent Plaintiff attempts to bring an ADA claim, such claim should be dismissed because the ADA does not apply to the United States. *See* 42 U.S.C. § 12111(5)(B) (excepting the United States from definition of an

---

[7] According to Defendants, Forest was not appointed as Unites States Marshal until May 14, 2018, almost three months after Plaintiff's arrest.

employer"); 42 U.S.C. § 12131 (defining public entity as State or local governments).

### C. Plaintiff's motion to amend

After Defendants' motion to dismiss was fully briefed, Plaintiff filed a "Petition to Amend to Enjoin Parties." [ECF No. 20]. Plaintiff seeks to add the Sheriff's Department of Mecklenburg County, the State of North Carolina, the Town of Matthews, and Matthews Police Department (collectively "State Defendants") as defendants in this action. *Id.* at 20-1 at 1. Plaintiff argues the proposed defendants conspired with the USMS in her arrest. She also alleges Matthews Police Department knew her arrest was forthcoming, but did nothing to prevent the arrest and imprisonment.

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted). If the district judge accepts the recommendation on Defendants' motion to dismiss, Plaintiff's motion to amend should be denied as futile, as Plaintiff has not shown any violations of her constitutional rights, precluding a federal claim against State Defendants. To the extent Plaintiff believes she has viable state law claims against State Defendants, she may pursue them in state

court. If the district judge does not accept this recommendation, the motion to amend may be remanded for future consideration.

III. Conclusion

For the foregoing reasons, the undersigned recommends Defendants' motion to dismiss [ECF No. 12] be granted and Plaintiff's motion to amend [ECF No. 20] be denied as futile.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 6, 2019  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).