IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Dianne Michele Carter,<br><br>　　　　Plaintiff<br><br>　v.<br><br>Thomas Pellicane, SOUSM, U.S. Marshals Service W/NC; Barbara Yates, DUSM- U.S. Marshals Service W/NC; and Gregory Allyn Forest, U.S. Marshal,<br><br>　　　　Defendants. | C/A. No. 3:19-104-CMC-SVH<br><br><br>Opinion and Order |

This matter is before the court on Plaintiff Dianne Michele Carter's ("Carter") *pro se* Complaint, construed as one pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] ECF No. 1. Carter alleges violations of her constitutional rights when Deputy United States Marshals arrested her on an outstanding bench warrant at a house she claims belongs to the Moorish Holy Temple of Science. Defendants filed a motion to dismiss, or in the alternative, for summary judgment. ECF No. 12. Because Carter is proceeding *pro se*, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising her of the importance of the motion and the need to file an adequate response. ECF No. 13. Carter filed a response in opposition (ECF No. 15), Defendants filed a reply (ECF

---

[1] On March 7, 2019, the undersigned was designated by Chief Judge Gregory to sit with the United State District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 294(c) in connection with this case. ECF No. 24.

No. 16), and Carter filed a sur-reply (ECF No. 17). Carter also filed a motion to amend her Complaint. ECF No. 20.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report").[2] On November 6, 2019, the Magistrate Judge issued a Report recommending Defendants' motion to dismiss be granted and Carter's motion to amend be denied as futile. ECF No. 21. The Magistrate Judge advised Carter of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Carter filed objections to the Report on November 20, 2019. ECF No. 22.

## I. **Background**

Carter was a tax preparer who operated Carter Sensible Tax Service. *United States v. Dianne M. Carter*, 3:16-cv-673 (W.D.N.C. Sept. 14, 2018) (ECF No. 12-2 at 1)[3] ("*Carter I*").[4] In 2014, the Internal Revenue Service ("IRS") reviewed sixty-three tax returns prepared by Carter between 2011 and 2014 and concluded thirty of these returns had evidence of improper conduct. *Id.* at 2. Twenty-five of the returns were federal income tax returns prepared for inmates at Nash Corrections Institution. *Id.* at 4. The returns were allegedly based on entirely fabricated incomes and withholdings, *id.* at 6, and claimed refunds ranging from $7,924 to $19,996. *Id.* at 3; *see, e.g.*, ECF No. 12-3 at 2. Five of the returns reviewed by the IRS were prepared on behalf of purported

---

[2] Magistrate Judge Hodges was designated for service in this matter by Order filed March 11, 2019. ECF No. 3.

[3] References to ECF docket numbers in the Background section refer to the docket of the underlying case, *Carter I*.

[4] As noted by the Magistrate Judge, this court may take judicial notice of the prior case.

2

trusts. ECF No. 12-2 at 3. These returns listed no income for the "trusts," *id.* at 5, yet claimed refunds ranging from $750,000 to $8,035,560. *Id.* at 3.

The IRS rejected refunds in all but one of these tax returns. *Id.* at 12. However, the IRS mistakenly issued a $750,000 refund to one of the purported trusts. *Id.* at 11–12. To recover this refund, the IRS brought a collections action against the fiduciary of the trust and was able to recover $749,949.10. *Id.* at 12. As a consequence of investigating Carter's activities, the IRS accrued at least $23,000 in administrative costs. *Id.* On September 16, 2016, the United States filed a Complaint primarily seeking an injunction to stop Carter from acting as a tax preparer and filing any other tax returns on behalf of others. ECF No. 1.

The United States moved for summary judgment, requesting a permanent injunction and other equitable relief. ECF No. 12. After full briefing, the court granted the United States' motion for summary judgment and issued an Injunction on October 2, 2017 ordering Carter to permanently cease acting as a federal income tax return preparer in any capacity; to notify, by November 1, 2017, all persons for whom she prepared, or assisted in preparing, federal tax returns to inform them of the permanent injunction entered against her; and to provide counsel for the United States, by November 1, 2017, a list of all persons for whom Carter had prepared a federal income tax return, amended return, or refund claim since January 1, 2010. Finally, Carter was ordered to file with the Clerk of the Court in North Carolina a sworn certificate of compliance by December 1, 2017. *See* ECF No. 16. The docket reflects this Order and the Judgment were served on Carter by US mail.

Shortly after the entry of the Order, on October 12, 2017, Carter filed a document docketed as a "Pro se Response re Order on Motion for Summary Judgment" and entitled "Objection to Order and Jurisdictional Challenge," which challenged the court's jurisdiction based on sovereign

3

citizen type arguments. ECF No. 18. About six weeks later, on November 28, 2017 she filed a notice of appeal, which included a request to stay the case until the Fourth Circuit ruled on her appeal. ECF No. 19. No stay was granted. On December 14, 2017, the United States filed a motion for Order to Show Cause why Carter should not be held in contempt for failing to comply with the court's Order and Injunction. ECF No. 24. The court entered an Order on December 21, 2017 setting a January 5, 2018 hearing for Carter to show cause why she had not complied with the court's October 2017 Order and why she should not be held in contempt for non-compliance. ECF No. 25. The court ordered Carter to be served in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. *Id.* at 2. This Order also denied Defendant's motion to stay pending appeal as moot. *Id.* On December 22, 2017, Carter filed a motion to dismiss the motion to show cause, contending the district court did not have jurisdiction because the case was on appeal. ECF No. 27. The court denied this motion by text order the next day, holding "no court has issued a stay of the implementation of the subject order in this case. Therefore the court retains jurisdiction to enforce the subject order."

The show cause hearing was held on January 5, 2018. Carter did not appear. The minute entry on the docket reveals "the AUSA informed the court of all attempts to serve [Carter] with the Show Cause Order. Court issued a bench warrant for failure to comply with the court's October 2, 2017 Order."[5] The bench warrant showed the offense as "contempt of court for failure to comply with the Court's October 2, 2017 Order." ECF No. 28. On January 17, 2018, the United States

---

[5] The process server had attempted to serve the show cause order six times, but was unable to do so. See ECF No. 29-1 at 2.

4

filed a motion for an Order authorizing all necessary actions to execute the bench warrant. ECF No. 29. The Government stated Carter appeared to be attempting "to evade arrest by refusing to leave her home."[6] ECF No. 29-1 at 1. On January 25, 2018, the court issued an Order authorizing all necessary actions to execute the bench warrant. ECF No. 30. The Fourth Circuit denied a stay and affirmed the district court's grant of summary judgment on February 16, 2018. ECF No. 31.

Carter was arrested pursuant to the bench warrant on February 26, 2018. ECF No. 34. The same day, a contempt hearing was held. The court indicated it would release Carter from custody when she complied with the October 2, 2017 Order. ECF No. 36 (hearing transcript). She represented she was not at home when the Marshal came to arrest her, and she "didn't know why they couldn't find me." *Id.* at 11, 15. However, the court stated "You were informed by show cause orders and other things you weren't in compliance," and Carter replied "[t]hat's true." *Id.* at 41. Carter told the court she would comply with its Order, but the required information was in her files at her home. The court decided she could not be released from custody before complying, and the Government was ordered to find an officer to accompany Carter to her home and supervise while she retrieved the information.[7]

On August 14, 2018, Carter filed a *pro se* motion to vacate the show cause order, bench warrant, and order authorizing all necessary actions to effect bench warrant. ECF No. 37. She

---

[6] Deputy Marshal Yates had attempted to serve the bench warrant at Carter's home and knocked on the door for 45 minutes with no answer, despite lights being turned on and off during the period and both of Carter's cars being parked in the garage. ECF No. 29-1 at 3. The Government indicated this meant Carter "was present at the home but refusing to voluntarily surrender to law enforcement." *Id.*

[7] The record is devoid of information regarding how quickly this occurred and when Carter was released from custody.

argued the show cause order was not properly served on her, and therefore the court's orders and warrant were void. *Id.* The court construed her motion as one for relief from judgment under Rule 60 and denied it on September 14, 2018. ECF No. 38. On September 24, 2018, Carter filed a *pro se* motion requesting another judge rehear the motion to vacate. ECF No. 39. The court construed this as a motion to recuse and denied it on September 25, 2018. Carter filed a notice of appeal of the Order denying her motion to vacate on November 6, 2018. She then filed a motion for relief captioned as a "Jurisdiction Challenge" the following day. ECF No. 40. Her motion argued there was insufficient service of process and the court acted in excess of jurisdiction, and requested the "judgments reversed as void and a nullity." *Id.* at 1. On November 14, 2018, the court denied her motion and held its exercise of jurisdiction proper. ECF No. 41. Carter was also put on notice in that Order her filings were frivolous and sanctions would be considered if she continued to make frivolous filings. *Id.* Finally, on April 8, 2019, the Fourth Circuit affirmed the district court's decision on Carter's post judgment motion. ECF No. 46.

Carter has now filed the instant case alleging Defendants broke into a house where she resides and arrested her without lawful authority to do so. 3:19-cv-00104 at ECF No. 1. She alleges constitutional and non-constitutional grounds for relief, including claims under the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983. *Id.* She requests actual and punitive damages for her false arrest and imprisonment. *Id.* at 9.

**II. Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection

6

is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

## III. Discussion

The Report recommends granting the motion to dismiss as to all claims.[8] ECF No. 21. Carter has filed objections to the Report. ECF No. 22. Her objections regarding her claims will be discussed below. As an initial matter, Carter states the Magistrate Judge ignored her "Response to Motion to Dismiss" dated 22 July 2019, the "Response to Defendants Reply filed 8/01/19" dated 5 Aug 2019, and her "Petition to Amend to Enjoin Parties dated 1 November 2019." *Id.* at 4. However, it is clear from the Report the Magistrate Judge did consider Carter's filings in response to Defendants' motion to dismiss, as well as her motion to amend.[9] *See* ECF No. 21 at 2 ("The motion having been fully briefed [ECF Nos. 15-17] it is ripe for disposition.").

### a. *Non-Constitutional Claims*

Dismissal is recommended as to the non-constitutional claims due to lack of jurisdiction, because only the United States is amenable to suit under the Federal Tort Claims Act ("FTCA") but is not a Defendant in this case, and for failure to exhaust an FTCA claim against the Untied States. ECF No. 21 at 6. As to the claim under the Americans with Disabilities Act ("ADA"), the Report recommends dismissal because the ADA does not apply to the United States. *Id.* at 10.

---

[8] When resolving a motion to dismiss, a court may consider facts and document subject to judicial notice without converting the motion into one for summary judgment. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[9] Carter, in fact, objects to the Report's conclusion regarding the motion to amend.

7

Carter does not set forth specific objections to these recommendations by the Report. For example, she does not discuss exhaustion under the FTCA, nor does she seek to amend to add the United States as a defendant for an FTCA claim. She does not object to the Report's recommendation regarding the ADA claim. Therefore, the Report's conclusions on these claims are reviewed for clear error. Finding none, the court adopts the portions of the Report regarding Carter's non-constitutional and ADA claims. These claims are dismissed with prejudice.

  b. *Constitutional Claims*

The Report finds Carter has not shown Defendants violated the Constitution in arresting her, as she was arrested pursuant to a valid bench warrant. ECF No. 21 at 8. Carter objects to the Report. ECF No. 22. She alleges she "has no constitutional rights," but then states her "unalienable rights are protected by the constitution." *Id.* at 1-2. She objects to the factual background, stating the show cause order in the underlying case was not served on her, and therefore she failed to attend the show cause hearing, after which a bench warrant was issued for her arrest. Carter contends, therefore, "[e]very court order issued on and after January 5, 2018 was issued in excess of jurisdiction and is void because of insufficient service of process." *Id.* at 2. Carter argues she is a "real party in interest" to the property in which she was arrested, as she is the "trust administrator and beneficiary of the house defendants broke into." *Id.* Because Defendants did not have a valid warrant, Carter contends, her arrest was unconstitutional. *Id.*

Carter also argues the bench warrant issued for her arrest was invalid because unsupported by oath or affirmation; therefore, the warrant (and order allowing reasonable force) were "in excess of jurisdiction." *Id.* Carter contends she was not provided notice to appear at the hearing in the underlying case and therefore could not be "in contempt of an order of which she had no knowledge." *Id.*

8

So far as Carter objects based on lack of service of the order to show cause and notice of show cause hearing, the court notes both were mailed to Carter at the address she provided to that court. *See* C/A No. 3:16-cv-673 at ECF No. 25 (noting, in part "Pro se litigant served by US Mail"); court note on docket showing Notice of hearing and Order mailed to Carter at address provided). That docket also shows a Minute Entry from the show cause hearing held January 5, 2018, in which the "AUSA informed Court of all attempts to serve defendant with Show Cause Order." It is clear the United States attempted to serve the Order on Carter personally, including six attempts to serve her at the address she provided to the court, and she does not appear to dispute receiving the Order and Notice via mail from the court.

Further, the bench warrant was issued not for Carter's failure to attend the show cause hearing, but for her failure to comply with the court's October 2017 Order requiring her to turn over certain information to the United States. It is clear from Carter's filings and her testimony at the contempt hearing she received the October 2017 Order containing the injunction and ordering certain information produced to the Government, yet she failed to do so in the time ordered. The court therefore agrees with the Report a valid bench warrant existed and Carter was arrested pursuant to it. *See id.* at ECF No. 28. Accordingly, the Deputy Marshals did not violate Carter's constitutional rights when they arrested her pursuant to the valid bench warrant and order authorizing all necessary actions to execute the warrant.

  c. *Defendant Forest*

The Report recommends dismissal of Defendant Forest because Carter did not allege he personally acted in her arrest, and there is no basis for supervisory liability. ECF No. 21 at 8-9. Carter argues the "Office of the USMS is liable for acts of its employees," and "the Marshal is liable in his capacity as Marshal regardless of when he took office." ECF No. 22 at 4.

Defendant Forest is subject to dismissal because, as explained by the Magistrate Judge, the doctrine relied upon by Carter in her claims against Forest, supervisory liability, is generally inapplicable in actions pursuant to *Bivens*, absent a policy or custom that results in illegal action. As the court has determined no illegal action occurred, supervisory liability may not attach. There are no allegations against Defendant Forest individually, as he was appointed United States Marshal after Carter's arrest. Therefore, any claims against Defendant Forest are dismissed.

   d. *Carter's Motion to Amend*

Finally, the Report recommends Carter's motion to amend to add State Defendants be denied as futile, because Carter has failed to show a violation of a constitutional right required to support a federal cause of action against the State Defendants. ECF No. 21 at 10. Carter objects to the recommendation and argues she cannot bring her claims against the State Defendants in State Court due to a conflict of interest. ECF No. 22 at 4-5.

The court agrees with the Report's conclusion Carter's motion to amend to add new parties is futile. Carter wishes to add four defendants: Sheriff's Department of Mecklenburg County, the State of North Carolina, the Town of Matthews, and the Matthews Police Department. She alleges these proposed defendants conspired with the Marshals regarding her arrest. However, as the claims in Carter's current Complaint will be dismissed by this Order, and Carter's proposed amendments do not alter these conclusions, it would be futile to add these proposed defendants.

**IV. Conclusion**

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Carter's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference as supplemented in this Order. Defendants' motion to dismiss

(ECF No. 12) is granted, and Carter's motion to amend (ECF No. 20) is denied as futile. Because "the grounds of the dismissal make clear that no amendment could cure the defects" in Plaintiff's case, this matter is dismissed with prejudice. *Goode v. Central Virginia Legal Aid Society, Inc.*, 807 F.3d 619, 625 (4th Cir. 2015).

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina
December 19, 2019